496 F.2d 1195
 UNITED STATES of America, Plaintiff,
v.
Anthony Frederick VANO et al., Defendant.
In re Herbert SHAFER, Attorney at Law, Appellant.
No. 73-3098 Summary Calendar.*
*Rule 18, 5 Cir., see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 July 3, 1974.
 
 Appeal from the United States District Court for the Northern District of Georgia; Charles A. Moye, Jr., Judge.
 Herbert Shafer, Atlanta, Ga., for appellant.
 John W. Stokes, U.S. Atty., William P. Gaffney, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Affirmed. See Local Rule 21.[1] The certificate required by Rule 42(a), F.R.Crim.P., has now been filed. See prior order of this court appended hereto. The underlying evidentiary basis for the contempt adjudication in question is adequate and the record does not support the claim that the contempt process was used 'to shackle cross-examination.'
 
 APPENDIX
 ORDER
 
 2
 April 22, 1974.
 
 BY THE COURT:
 
 3
 Appellant, an attorney, was adjudged in contempt on the basis of conduct occurring in the examination of a witness. the record is entirely adequate to support the contempt adjudication. However, the district judge failed to execute the certificate required by Rule 42(a), F.R.Crim.Pocedure,[2] relying instead on his statements in open court.
 
 
 4
 The order adjudging appellant in contempt is vacated and the cause is remanded to the district court for the limited purpose of affording the district judge the opportunity to issue the necessary certificate. Jurisdiction is otherwise retained in this court pending either receipt of the certificate or advice from the district judge, within thirty days from the date hereof, that the certificate will not be forthcoming.
 
 
 
 [1]
 See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966
 
 
 [2]
 'Summary Disposition-- A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.'