**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samuel I. BURSTYN,
Defendant–Appellant.**

**Nos. 87–5311, 88–5068.**

United States Court of Appeals,
Eleventh Circuit.

July 31, 1989.

G. Richard Strafer, Jay Hogan, Miami, Fla., G. Richard Strafer, Quinon & Strafer, P.A., Coral Gables, Fla., for defendant-appellant.

Harriett Galvin, Thomas A. Blair, Lynne W. Lamprecht, Linda C. Hertz, Asst. U.S. Atty., Miami, Fla., for U.S. in No. 87–5311.

Dexter W. Lehtinen, U.S. Atty., Lynne W. Lamprecht, Linda C. Hertz, Asst. U.S. Atty., Miami, Fla., for U.S. in No. 88–5068.

Before VANCE and COX, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

Samuel Burstyn, an attorney, appeals from an order finding him in criminal contempt for failing to appear in court on the first day of trial of his client, Fernando Miguel Nunez. We affirm.

I.

This is the second appeal from an order holding Burstyn in criminal contempt. The first appeal involved a challenge to a district court's order holding Burstyn in summary contempt pursuant to Fed.R.Crim.P. 42(a). This court vacated Burstyn's conviction on procedural grounds, concluding that the acts giving rise to the holding of contempt would not support a summary contempt conviction, and remanded the case for proceedings consistent with Fed.R. Crim.P. 42(b).[1] This court's decision, which contains a detailed description of the facts underlying the finding of contempt, is reported at 801 F.2d 1260. We need not recite those facts again, except as necessary to the disposition of the specific issues raised on this appeal.

Following Burstyn's initial appeal, the case was remanded for Rule 42(b) proceedings. The district court issued a show cause order, setting a time and place for hearing, requesting that the United States Attorney prosecute the proceeding, and setting forth a brief statement of the facts constituting criminal contempt and a statement concerning possible punishment. Prior to the hearing, Burstyn filed motions to disqualify the assigned prosecutor and the district judge, and a motion to dismiss the criminal contempt proceedings. All were denied. Following a hearing, the district court found Burstyn in criminal contempt and sentenced him to a fifteen day term of imprisonment. The court suspended his

---

1. Fed.R.Crim.P. 42(a) provides for the summary punishment of contemptuous conduct that occurs in the actual presence of the judge and that the judge either saw or heard. Contemptuous conduct which does not actually occur in the judge's presence and is not witnessed by the judge may be prosecuted only upon notice and hearing, in accordance with the procedural requirements of Fed.R.Crim.P. 42(b).

sentence and placed him on probation for a period of two years, with a special condition that he complete one hundred twenty hours of community service during that period. Burstyn appeals his conviction.

## II.

Burstyn raises one major issue on appeal:[2] He contends that there was insufficient evidence to support the district court's finding of contempt. In reviewing the sufficiency of the evidence in support of a conviction in a criminal case following a non-jury trial, we must determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt. *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir.1987) (citing *Gordon v. United States*, 438 F.2d 858, 867 (5th Cir.1971)). The conviction will be sustained if there is substantial evidence to support it. *Turner*, 812 F.2d at 1563.

■■■ Section 401, 18 U.S.C. (1982), grants federal courts the discretionary power to punish, by fine or imprisonment, contempt of their authority. To support a conviction, the government must prove: (1) that the court entered a lawful order of reasonable specificity; (2) the order was violated; and, (3) the violation was willful. *In re McDonald*, 819 F.2d 1020, 1024 (11th Cir.1987) (citing *Turner*, 812 F.2d at 1563). Whether an order is reasonably specific is a question of fact to be resolved with refer-

ence to the context in which the order is entered and the audience to which it is addressed. *Turner*, 812 F.2d at 1565. Furthermore, "[i]n criminal contempt, willfulness 'means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order.'" *McDonald*, 819 F.2d at 1024 (quoting *United States v. Baldwin*, 770 F.2d 1550, 1558 (11th Cir.1985)). Under this standard of intent, behavior amounting to a reckless disregard for the administration of justice is sufficient to support a conviction when violative of a reasonably specific court order. *See DeVaughn v. District of Columbia*, 628 F.2d 205, 207 (D.C.Cir.1980); *see also Baldwin*, 770 F.2d at 1557–58 (essential element of criminal contempt is an intent, either specific or general, to commit it) (citing *Sykes v. United States*, 444 F.2d 928, 930 (D.C.Cir.1971) ("The requisite intent may of course be inferred if a lawyer's conduct discloses a reckless disregard for his professional duty.")).

■■■ The order of contempt issued by the district court following the Rule 42(b) hearing contained detailed factual findings as to each of the elements of contempt. The court initially noted that a pretrial status conference in the *Nunez* case had been held on June 11, 1985. During that meeting, the court inquired of counsel if trial could start the following day, since the court wanted to be sure to conclude the trial before June 22.[3] The court considered

2. Burstyn presents three additional claims on appeal, each of which merits only summary discussion. First, Burstyn asserts that he was placed in double jeopardy when this court remanded this case for Rule 42(b) proceedings after he already had been held in contempt pursuant to Rule 42(a). This issue was raised on Burstyn's first appeal and was determined to be meritless. *United States v. Nunez*, 801 F.2d 1260, 1263 n. 1 (11th Cir.1986).

Burstyn also argues that his right to an impartial tribunal was violated when Judge Tidwell refused to recuse himself from presiding over the Rule 42(b) proceedings. Burstyn unsuccessfully raised this issue on appeal from his summary contempt conviction. *United States v. Nunez*, 801 F.2d 1260, 1265–66 (11th Cir.1986). Burstyn cites no acts on Judge Tidwell's part which occurred following that appeal which

would incline us to question Judge Tidwell's impartiality during the Rule 42(b) proceedings.

Finally, Burstyn contends that the district court abused its discretion in sentencing him to a fifteen day term of imprisonment following his conviction. As noted, the court suspended that sentence and placed Burstyn on two years probation with a special condition that he complete one hundred twenty hours of community service during that period. After reviewing the record in this case, we decline to hold that the sentence imposed by Judge Tidwell was excessive and constituted an abuse of the court's discretion.

3. Judge G. Ernest Tidwell, United States District Judge for the Northern District of Georgia, was sitting by designation in the Southern District of Florida from June 10 to 21, 1985. While in Miami, he was asked to preside over the trial of

starting the trial on Thursday, June 13, but, primarily as an accommodation to Burstyn, decided to delay starting until Monday, June 17. Thereafter, Judge Tidwell stated that he expected "every defendant and every lawyer to be ... ready to hit the ground running at 9:00 a.m., Monday morning." On Monday, all counsel, except Burstyn, were present at 9:00 a.m. and ready for trial.

Michel Ociacovski, Burstyn's co-counsel, appeared on behalf of the defendant Nunez.[4] Ociacovski reported that Burstyn was absent because he was attending a deposition scheduled in another case in Chicago, Illinois, and would return the next day, June 18. Ociacovski indicated that he would act as Nunez's lead counsel until Burstyn returned. When asked by the court if he intended to try the case without Burstyn, Ociacovski said that he intended to try the matter, although he was uneasy about doing so because it was his first federal criminal jury trial. Ociacovski indicated that Nunez had been informed of Burstyn's absence by both Burstyn and himself, and, although Nunez was unhappy about the situation, Nunez reluctantly had agreed to proceed without Burstyn. After learning of Nunez's hesitancy, the court directed Ociacovski to consult with him to ascertain Nunez' willingness to proceed without Burstyn. Following such consultation, Ociacovski stated that Nunez preferred to be represented by Burstyn throughout all stages of the proceedings. The court then determined that the trial could not commence without Burstyn, and continued the case until June 18, at 9:00 a.m. The court directed Ociacovski to inform Burstyn to appear at that time to explain his absence from court.

Burstyn arrived at court at 9:15 a.m. on June 18. He informed Judge Tidwell that he had been absent on the previous date because of a deposition commitment in Chicago, Illinois. He also explained that he

thought that Nunez had no objection to his absence. When asked by the court why he had not notified the court about the conflict between the deposition and the beginning of the Nunez trial, Burstyn stated that he forgot to do so. Further, Burstyn stated that he thought such notification was unnecessary, even though he remembered as early as June 13 or 14 that the conflict existed. The court concluded that Burstyn's "absence and failure to notify the court of said absence were acts intentionally committed" which evidenced Burstyn's "reckless and unjustified disregard for the administration of justice both in the Nunez case and in the general operation of the court's business, and was a flagrant breach of the understanding reached with the court relative to the start of the Nunez case."

In addition to the foregoing, the transcript of the Rule 42(b) proceedings reveals that just one week prior to the June 11 pretrial conference, Ociacovski filed a motion to continue the trial from June 5 to June 12. As a basis for the continuance, Ociacovski noted his lack of experience in federal criminal jury trial work and asserted that Burstyn's presence during the entire proceedings was necessary for the protection of Nunez's sixth amendment right to effective assistance of counsel.[5] Ociacovski additionally emphasized that there was an express understanding between Nunez, Burstyn, and Ociacovski "that Burstyn would, in fact, be present at trial." The transcript further reveals that Burstyn never obtained from Nunez a waiver of his presence during trial, and that Nunez harbored some reservations about Burstyn's anticipated absence from the time he first was informed about Burstyn's conflict.

We conclude that a reasonable trier of fact could find that the evidence establishes, beyond a reasonable doubt, that Burstyn was guilty of criminal contempt. A reasonable trier of fact could find that

---

the Nunez case, which was expected to last approximately one week.

4. Ociacovski had not been present during the status conference.

5. At the time the motion was filed, Burstyn was engaged in a lengthy criminal trial before Chief United States District Judge Lawrence King, which was expected to overlap with the start of the Nunez case.

**1326**

Judge Tidwell's order issued at the status hearing on June 11, directing "every defendant and every lawyer" to be present and ready to proceed with trial at 9:00 a.m. on Monday, June 17, was reasonably specific and gave Burstyn ample reason to suspect that it applied to him personally. *Cf. United States v. Onu,* 730 F.2d 253, 255 (5th Cir.), *cert. denied,* 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116 (1984); *Thyssen, Inc. v. S/S Chuen On,* 693 F.2d 1171, 1172 (5th Cir.1982). Indeed, the transcript of the status conference is replete with evidence that Burstyn intended to be present for the start of Nunez' trial. Moreover, a reasonable trier of fact could conclude that Burstyn's failure to appear in court on June 17 for the start of trial constituted a violation of the court's order.

Finally, Burstyn's failure to obtain a waiver of his presence from Nunez, combined with the fact that Nunez and Burstyn had agreed that Burstyn, in fact, would be present during all stages of the trial proceedings, indicates that Burstyn was not merely negligent in failing to appear for trial. Indeed, the evidence strongly suggests that Nunez did not have a "eleventh hour change of heart" but, instead, never was satisfied with the thought that Burstyn was going to be absent on June 17. It was foreseeable, then, that Burstyn's absence would cause a disruption in the trial proceedings. In view of that foreseeability and Burstyn's clear professional obligation to Nunez to be present, a reasonable trier of fact could conclude that Burstyn's actions amounted to a reckless violation of the court's order.

### III.

For the foregoing reasons, the judgment of conviction is hereby

AFFIRMED.