**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Danny MAYNARD, Defendant,**

**Philip G. Butler, Jr., Appellant.**

**No. 90–3287**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 17, 1991.

---

Philip G. Butler, Jr., West Palm Beach, Fla., pro se.

James Klindt, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before JOHNSON, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Philip G. Butler, Jr., a Florida attorney, appeals from the district court's order finding him in criminal contempt of court. Butler argues that the district court improperly used summary contempt proceedings pursuant to Fed.R.Crim.P. 42(a), and that the evidence was insufficient to support a finding that he willfully and intentionally violated a court order. Because we agree that the evidence was insufficient, we reverse the district court's contempt order and dismiss the case.

The facts are undisputed and are as follows. Butler represents Danny Maynard, a defendant in a marijuana conspiracy prosecution. After Maynard pled not guilty, a status conference was scheduled for 9:30 A.M. on March 23, 1990 before the district judge in Jacksonville, Florida. Butler failed to appear at that time and the judge directed the clerk to issue a contempt citation. At approximately 11:04 A.M., the proceedings resumed with Butler present and the following colloquy occurred:

THE COURT: First item of business is why—what, if anything, you have to say as to why you shouldn't be held in contempt of court for not being here at 9:30 and wasting this Court's time.

MR. BUTLER: Judge, first off, I sincerely apologize to the Court. I had a flight scheduled that would depart Palm Beach, my home, at 7 o'clock and arrive here at 8:15. I was at the airport well in advance of the departure of the flight. I was advised by by [sic] Delta at that time that the flight had been cancelled because of the aircraft having mechanical problems. We were then shifted over to the next available flight, which was a U.S. Air flight that left West Palm Beach at 8:25 and got here at roughly—

THE COURT: I don't care when all the planes left and what went in and out of Palm Beach County. You could have driven up here in five hours last night, could you not?

MR. BUTLER: Yes, Judge, I could have.

THE COURT: Why didn't you try to get a plane and be here so you would be here at 9:30 in the morning instead of waiting till the last minute?

MR. BUTLER: Judge, as I stand before you right now, it's clear that that would have been the best course of conduct and I should have taken the steps the Court has outlined to insure that I was here last night and not to wait on the flight this morning. I apologize to the Court. I would hope that the Court would not hold it against Mr. Maynard. It's clearly my fault. He was here at the appointed time.

THE COURT: Yes, I saw him earlier, he was here.

MR. BUTLER: Yes, sir.

THE COURT: Well, I haven't heard anything sufficient, so I'm going to hold you in contempt of this Court. Now, what have you to say as to why sentence shouldn't be imposed at this time?

MR. BUTLER: I would ask the Court to take into account the fact that it was not a willful or intentional—clearly, apparently the Court's of the opinion it was negligence, but it was not willful, nor was it intentional on my part, Judge, and I apologize to the Court.

R2–4 to 6. The district judge ordered Butler to pay a fine of $500.00. Butler paid the fine and now appeals from the contempt order.

■ In reviewing the sufficiency of the evidence in support of a finding of criminal contempt, "we must determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt." *United States v. Robinson*, 922 F.2d 1531, 1534 (11th Cir.1991) (quoting *United States v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir.1989)). "The conviction will be sustained if there is substantial evidence to support it." *Id.* "To support a conviction, the government must prove: (1) that the court entered a lawful order of reasonable specificity; (2) the order was violated; and (3) the violation was willful." *Id.* Butler concedes that he violated a court order of reasonable specificity but argues that the facts do not indicate a willful violation. The government does not contend that the evidence was sufficient to show a willful violation, instead "deferring" to this court on the issue.

■ "Willfulness" is defined as " 'a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order.' " *Id.* at 1535 (citations omitted). The uncontroverted facts of the instant case are that Butler intended to arrive in Jacksonville on a flight from West Palm Beach one hour and fifteen minutes before the time scheduled for the status conference. Unfortunately for Butler, the cancellation of that flight delayed his arrival. Although certainly, as the district judge suggested, it may have been more prudent to arrive in Jacksonville the night before, it is difficult to characterize Butler's itinerary as a deliberate or intentional violation of a court order. Moreover, there is no indication that Butler had been tardy on previous occasions or had otherwise disobeyed court orders. Courts have indicated that a prior history of similar infractions would be a key factor supporting a finding of criminal contempt. *See Thyssen, Inc. v. S/S Chuen On*, 693 F.2d 1171, 1176 (5th Cir.1982); *In re Adams*, 505 F.2d 949, 950 (5th Cir.1974); *Sykes v. United States*, 444 F.2d 928, 930 (D.C.Cir.1971).

We conclude that Butler's isolated instance of tardiness was insufficient to justify the district court's finding of criminal contempt. Butler's failure to arrive in Jacksonville the night before the scheduled conference cannot be considered a willful violation where he intended to arrive with an hour and a quarter to spare. Although we certainly do not condone tardiness on the part of attorneys, the district court's criminal contempt order was inappropriate

under the facts of this case. Therefore, we reverse and dismiss the proceedings against attorney Butler. Because we view the evidence as insufficient, we do not address the propriety of the district court's use of the Rule 42(a) summary procedure.

REVERSED and DISMISSED.