**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald H. TIGER, Defendant–
Appellant.**

**No. 00–1988.**

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

———

Before RYAN and BOGGS, Circuit Judges; WILLIAMS, District Judge.*

This is a direct appeal from a judgment of criminal contempt. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

In 1997, the United States District Court for the Eastern District of Michigan issued a subpoena to Donald Tiger to testify in the sentencing of Edward Nash. Tiger did not appear, and the district court issued a warrant for Tiger's arrest. The warrant was executed on June 8, 2000, when Tiger was released on bond by the State of Ohio on unrelated criminal charges. Tiger eventually appeared before the district court with appointed counsel and was found guilty of criminal contempt, pursuant to the grant of authority to the district court found in 18 U.S.C. § 401. The court sentenced Tiger to a thirty-day term of imprisonment, which he has served, and ordered the payment of a $100 fine.

In 1997, Michigan chiropractor Edward Nash was convicted in the Eastern District of Michigan for willful failure to file federal income tax returns and for presenting fraudulent claims of tax refunds. It was discovered that, at some point in Nash's life, he was a member of a church that had Donald Tiger as one of its financial officers or trustees. The United States obtained a monetary judgment against Nash for $200,000 and, in an effort to identify Nash's assets and collect on the judgment, issued a subpoena to Tiger at his Illinois residence to compel his testimony as a government witness at a date certain or a subsequent date set by the court. Tiger was served and responded indirectly, through one telephone call from Tiger's purported attorney, and directly, by filing a document styled as a "Non-statutory abatement." The document was signed by "Donald Henry: Tiger, *suae potestate esse*" and, in essence, announced his intention not to honor the subpoena. The Nash sentencing took place without an appearance by Tiger and the district court issued a warrant for Tiger's arrest.

Tiger came to the attention of the Eastern District of Michigan in 2000 after he had been arrested on state charges in Ohio. Tiger was released from Ohio state custody, served with the federal arrest warrant on June 8, 2000, and appeared before a federal judge in the Northern District of Ohio. Tiger was released with instructions to appear before the Eastern District of Michigan, he received appointed counsel and the Eastern District of Michigan issued a new warrant for Tiger's arrest.

The parties appeared with counsel before Judge Cleland in the Eastern District of Michigan for a combined hearing on Tiger's motion to quash the warrant and on the government's motion to find Tiger in criminal contempt. Counsel for Tiger expressed his willingness to proceed at that time and the government presented its case. The proofs, and offers of proof, showed that the original subpoena was left on the front porch of Tiger's residence on April 16, 1997, but only after Tiger personally addressed the agent attempting to serve the subpoena and refused to accept it. Tiger then authorized an attorney named Chandler to respond on April 30, 1997. On May 6, 1997, the government called Chandler to report a change in the date of the hearing and, one day later, Chandler faxed the government a notice to the effect that he was no longer representing Tiger. On May 9, 1997, Tiger filed the aforementioned "Non-statutory abatement" and failed to appear at the Nash sentencing hearing. Tiger's counsel argued that Tiger's efforts to have Chandler call counsel for the government and his filing of the "Non-statutory abatement" were merely artless attempts to contest the subpoena and his role in the Nash sentencing. Tiger expressly declined to testify in his own behalf and the matter was set over one day. The court entertained final argument the next day, denied

a motion for judgment of acquittal, and found Tiger guilty as charged. The court offered Tiger the right to speak in his own behalf and imposed a thirty-day jail sentence along with a $100 fine.

Counsel for Tiger sets forth two issues for appellate review. First, counsel argues generally that the process accorded Tiger was inadequate and, specifically, that the trial court should have quashed the original arrest warrant and order finding Tiger in contempt. In addition, counsel challenges the quantum of evidence supporting the conviction.

The first assigned error lacks merit. Counsel for Tiger argues that the 1997 warrant and, most importantly, the finding of contempt should have been quashed as Tiger was not present. Counsel for the United States correctly notes, however, that the trial court did quash these earlier documents and proceeded to reach a new finding of criminal contempt only after affording Tiger due process and considering evidence and arguments.

Counsel also challenges the process afforded Tiger. A federal court has the power to impose criminal sanctions on one who fails to comply with a lawful, specific court order. 18 U.S.C. § 401(3). Criminal contempt sanctions are imposed to vindicate the authority of the court by punishing past acts of disobedience. *International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–30, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994); *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir.1991). As criminal contempt is "a crime in the ordinary sense," constitutional protections for criminal defendants "apply in nonsummary criminal contempt prosecutions just as they do in other criminal prosecutions." *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). An alleged criminal contemnor is therefore en-titled to notice of the charges against him and has the right to present a defense.

■ It is abundantly clear that the district court provided Tiger with process in the form of: ample oral notice, appointed counsel, the right to present a defense, the right to speak in his own behalf, the right to have his counsel give final argument and the right of allocution. Nothing more was required of the court.

■ The final issue is that the judgment was not supported by the necessary quantum of evidence so that the court should have granted the Rule 29(c) motion for a judgment of acquittal. Before a court may grant the imposition of criminal contempt sanctions, a party must willfully violate a specific, clear, and unequivocal court order. *See United States v. West*, 21 F.3d 607, 609 (5th Cir.1994) (court order must be "sufficiently definite or specific to support a contempt citation"); *United States v. Robinson*, 922 F.2d 1531, 1534–35 (11th Cir.1991) (to support a criminal contempt conviction, the government must prove that the defendant willfully violated "a lawful order of reasonable specificity"). A cursory review of the record shows that there was sufficient evidence from which the district court could find that Tiger had been served with a lawful, specific subpoena of the court and chose not to obey its terms. Tiger had verbal contact with the agent who left the subpoena on Tiger's porch, Tiger briefly engaged an attorney to pursue the matter and he filed his frivolous "Non-statutory abatement" in a plain effort to deny the power of the subpoena to compel his attendance at the Nash sentencing. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.