[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10109
Non-Argument Calendar

_____

D. C. Docket No. 05-00321-CR-T-26EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMITT KIRBY, JR.,
a.k.a. Chickenman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 2, 2006)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Emmitt Kirby, Jr., appeals his conviction for possession of a

firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c), and his sentences for conspiracy to possess to distribute and to distribute marijuana, 21 U.S.C. §§ 846 and 841(b)(1)(D), and possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) and (b)(1)(D). First, Kirby contends that the evidence was insufficient to sustain the firearm conviction. Second, Kirby argues that the firearm statute of conviction is facially unconstitutional. Finally, Kirby claims that the district court erred in denying him a minor-role reduction under U.S.S.G. § 3B1.2.

## I.

First, Kirby argues that the district court erred in finding him guilty of the firearm offense. Kirby submits that because the evidence of innocence was of approximately the same weight as the evidence of guilt, the court could not have found him guilty beyond a reasonable doubt. Kirby concedes that he possessed a firearm during the commission of a drug trafficking crime, but, focusing on the in-furtherance-of-a-drug-trafficking-crime element, asserts that the government failed to establish a sufficient nexus between his possession of the firearm and any drug-trafficking crime. Kirby contends that his limited interest in the transaction–he claims that he merely served as a "go-between" in obtaining the marijuana–would not permit an inference that he was protecting the marijuana. Kirby further argues

that the district court inappropriately shifted the burden of proof to himself by relying on mere possession and stating that it disbelieved Kirby's defense.[1]

In reviewing the sufficiency of the evidence in a criminal case following a non-jury trial, "we must determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt." *United States v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir. 1989). We will sustain the conviction if there is substantial evidence to support it. *Id.*

The U.S. Code criminalizes the possession of a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). The plain meaning of the statute "dictates that the presence of a gun within the defendant's dominion and control during a drug trafficking offense is not sufficient by itself to sustain a § 924(c) conviction." *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002). Instead, the government must establish that the firearm helped, furthered, promoted, or advanced the drug trafficking. *Id.* at 1252. In other words, the government must show some nexus between the firearm and the drug trafficking

---

[1] Kirby also points out that much of the government's testimony related to pattern or profile evidence and asserts that his lack of a recent criminal history and his stable work and home life meant that he could not reasonably be assumed to have followed typical patterns. Leaving aside the fact that Kirby improperly raised this argument for the first time in his reply brief, the record shows that no evidence of Kirby's criminal history or work and home life was presented at trial, although such was described in the PSI. Accordingly, not having such evidence before it, the district court did not err in ignoring it.

operation. *Id.* at 1253. We have supplied a non-exhaustive list of factors that can help distinguish between possession in furtherance of a crime and innocent possession, including (1) the type of drug activity being conducted; (2) the accessibility of the firearm; (3) the type of weapon involved; (4) whether the weapon was stolen; (5) the status of the possession (legitimate or illegal); (6) whether the gun was loaded; (7) proximity to the drugs or drug profits; and (8) the time and circumstances under which the gun was found. *Id.*

The record demonstrates here that the district court never shifted the burden of proof to Kirby. It merely stated that it found his defense unbelievable.

Some of the factors we have set forth, such as whether the weapon was stolen or the status of the possession, have no applicability because there was no evidence presented relating to these factors. The other factors, however, weigh against Kirby. This appeared to be a fairly large-scale drug transaction, from a dealer to another dealer rather than from a dealer to a user. The weapon was easily accessible in Kirby's boot. The firearm was a semi-automatic pistol which was easily fired, especially as it was fully loaded and a round was chambered. Kirby possessed the gun in the barn where the drugs were located and at the time when the actual transfer of drugs and money was to have occurred. The evidence, then, was more than sufficient to sustain the conviction.

II.

Kirby also argues that his conviction on the firearm count must be vacated because the statute of conviction, 18 U.S.C. § 924(c), is facially unconstitutional under the Commerce Clause.

We have repeatedly upheld the constitutionality of § 924(c) against Commerce Clause challenges. *United States v. Ferreira*, 275 F.3d 1020, 1028 (11th Cir. 2001); *United States v. DePace*, 120 F.3d 233, 235 n. 2 (11th Cir. 1997). Neither the U.S. Supreme Court nor this Court, sitting *en banc*, has overruled this holding. Accordingly, it is binding in this case. *United States v. Hunt*, 459 F.3d 1180, 1181 n. 1 (11th Cir. 2006) (describing the prior panel rule).

We thus conclude that section 924(c) is constitutional, and does not provide a basis for vacating the firearm conviction.

III.

Finally, Kirby argues that the district court erred in failing to grant him a minor-role reduction under U.S.S.G. § 3B1.2. Kirby submits that he was hired to perform the limited, discrete task of acting as a go-between in obtaining the marijuana for Joiner from the supplier and received as payment only a fraction of the value of the transaction. Kirby claims that he was substantially less culpable than Joiner or the CI or anyone else involved in the transaction and had no

5

leadership or planning responsibility.

The sentencing guidelines provide for a two-level reduction if a defendant plays a minor role in the criminal activity. U.S.S.G. § 3B1.2(b). A district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The proponent of the downward adjustment always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. *Id.* at 939.

A minor participant is one "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment (n. 5).

> However, such an adjustment only makes sense analytically if the defendant can establish that [his] role was minor as compared to the relevant conduct *attributed to [him]*. Otherwise, a defendant could argue that [his ] relevant conduct was narrow for the purpose of calculating base offense level, but was broad for determining [his] role in the offense. A defendant cannot have it both ways. ... Similarly, where the relevant conduct attributed to a defendant is identical to [his] actual conduct, []he cannot prove that []he is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which []he was a minor participant but for which []he was not held accountable.

*De Varon*, 175 F.3d at 941 (emphasis in original).

For the drug trafficking counts, Kirby's guideline range was calculated

based entirely on the quantity of drugs involved in the single transaction to which Kirby was a party. Kirby's actual conduct was the same as the relevant conduct attributed to him. Kirby, therefore, has failed to demonstrate that the district court clearly erred in failing to grant him a minor role reduction.

IV.

For the above-stated reasons, we affirm Kirby's conviction and his sentences.

**AFFIRMED.**

7