[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10497

_____

D. C. Docket No. 07-60213-CR-KAM-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES FLOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 21, 2008)**

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

After a bench trial, James Ellis Floyd appeals his conviction for knowingly

making a false statement to a federally licensed firearms dealer.  After review and

oral argument, we affirm.

## I. BACKGROUND

Floyd was charged with one count of knowingly making a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The indictment charged that, on July 26, 2006, Floyd attempted to purchase a firearm and, in the process, made a false written statement on Form 4473 of the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). The false statement was that he was not under indictment or information in any court for a felony, or any other crime, for which the judge could imprison him for more than one year.

Floyd proceeded to a bench trial. At trial, the parties submitted a stipulation of facts and several exhibits and did not present any other evidence. The parties stipulated to the following facts.[1] On May 30, 2006, an information was filed against Floyd in Florida state court charging him with "attempted tampering with physical evidence (3F) in violation of FS 777.04(1), FS 777.04(4)(d) and FS 918.13 (L2): Possession Cannabis (M); and reckless driving (M)." On July 12, 2006, Floyd was arraigned on the charges in the information, given a copy of the

---

[1]The record on appeal does not contain the stipulation of facts. However, both parties on appeal quote the stipulation in its entirety in their briefs and do not dispute the content of the stipulation.

2

information, and apprised of the charges. On July 12, 2006, another hearing was held on these charges.

Thereafter, on July 26, 2006, Floyd went to Guns and Knives, a federally licensed gun store, and purchased a Bersa, Thunder, 9mm pistol. Floyd paid for a background and criminal history check, and the results were negative. Floyd showed his Florida driver's license and concealed weapon license as identification and paid for the firearm and several other items in cash. Floyd was allowed to take the firearm home with him that day.

Floyd also completed and signed ATF Form 4473. Form 4473 stated at the top of the first page, in bold print, "The information you provide will be used to determine whether you are prohibited under law from receiving a firearm. Certain violations of the Gun Control Act are punishable by up to 10 years imprisonment and/or up to a $250,000 fine." Form 4473 also stated, "Read the Important Notices, Instructions and Definitions on this form."

Question 11b in Form 4473 asked, "Are you under indictment or information in any court for a felony, or any other crime, for which the judge could have imprisoned you for more than one year? (An information is a formal accusation of a crime by a prosecutor. See Definition 3)." Thus, the question itself referred the reader to definition 3 in the form. In turn, definition 3 in Form 4473

3

reads, "**Under indictment or information in any court**: An indictment, information, or conviction in any Federal, State, local, or foreign court." Floyd himself wrote out "No" as his answer to question 11b in Form 4473. The stipulation also stated that "[t]he subject matter of the false answer was material to the lawfulness of the sale." Floyd signed ATF Form 4473 in two places, once at line 16, where he certified, inter alia, that "I understand that a person who answers '*yes*' to any of the questions 11.b. through 11.k. is prohibited from purchasing or receiving a firearm," and at line 24, where he again certified that his answers in the form were true.

On February 12, 2007, in state court, Floyd pled nolo contendre to the charge of attempted tampering with physical evidence, which is a felony under Florida law. A state court judge withheld adjudication and placed Floyd on probation.

On September 10, 2007, while being transported to the federal courthouse, federal agents informed Floyd that he was being arrested because he gave false information on a federal document during a firearms transaction. The agents showed Floyd a copy of his July 2006 ATF Form 4473. The agents directed Floyd to question 11b and informed him that he gave false information on a federal document by answering no that question. Floyd told the agents "'that he must not

4

have understood the question when he filled out the form.'" However, later in the conversation:

> Floyd continued to inform agents that he then remembered why he answered "No" to question 11b. According to Floyd, when he read the word Indictment in the question, he recalled when he watches television, the term Indictment is used in Federal cases. Floyd continued to state he believed since he did not have any Federal cases pending, then he was not under Indictment and that question did not apply to him. Floyd informed agents he did not know it was possible to be indicted in a state case. Floyd was asked if he knew about the state case for tampering with evidence at the time of the transaction. Floyd informed agents that the state case was attempted tampering with evidence, and "Yes" he was aware.

In addition to the stipulation, the government filed six exhibits, including the ATF Form 4473 that Floyd completed and the May 2006 state court information against him. The information listed the charges at the top as "attempt tampering with physical evidence," "possession of cannabis," and "reckless driving." The possession of cannabis and reckless driving charges both were labeled as "misdemeanor" but the attempted tampering with physical evidence had no label. The attempted tampering with physical evidence charge in the information alleged that Floyd violated Florida Statute §§ 777.04(1), 777.04(4)(d), and 918.13 and listed the label "(L2)" after these statutes.

In the bench trial, the government argued that Floyd was not sincere in arguing that he believed he answered question 11b truthfully because he thought

the term "indictment" only referred to federal cases. The government noted that Floyd filled out ATF Form 4473 and said he was not under indictment or information for a felony only two weeks after he was arraigned under a state information on a charge that was a felony under Florida law. The government stressed that ATF Form 4473 even explained that the question referred to any indictment or information in any federal or state court. The government argued that Floyd lied on ATF Form 4473 because he knew he needed to purchase the firearm before he was convicted in state court and the conviction showed up on his criminal history check. The government emphasized that Floyd did not tell the agents that he did not realize that the crime he was charged with was punishable by more than one year's imprisonment.

Floyd moved for a judgment of acquittal and made his closing argument. Floyd argued that he had been charged with making a knowing false statement that was likely to deceive and noted that there was "a big difference in the proof that's required for a likely to deceive as opposed to intended to deceive." Floyd conceded that "clearly there was . . . an incorrect statement" and that his answer to question 11b "clearly is an inaccurate answer because he did have a case pending." However, Floyd argued that his answer to question 11b was a mistake and misunderstanding and was not intended to deceive. Floyd noted that he provided

his real driver's license and concealed weapon license and paid for his criminal history and background check. According to Floyd, he knew he had charges pending against him, but he did not believe question 11b applied to him because it was full of legal terms that he did not understand. Floyd also noted that there was no evidence that the salesperson explained the question to him. Thus, Floyd argued that there was no evidence that he intentionally gave false information or that he intended to deceive the firearms dealer.

The district court denied Floyd's motion for judgment of acquittal, adopted the stipulation of facts and deemed all facts therein as admitted by Floyd, and found Floyd guilty of making a false written statement intended to deceive a firearms dealer with respect to a fact material to the lawfulness of the sale. The district court, as the fact-finder, expressly found that Floyd voluntarily and knowingly made a false statement in his answer to question 11b on ATF Form 4473 with the intent of misleading the firearms dealer into inappropriately selling him a firearm. The district court also expressly found that Floyd's false statement was not the result of a misunderstanding, mistake, or accident because Floyd was well aware of the pending charges against him in state court. The district court noted that Floyd had appeared in state court for arraignment and had received a copy of the charges against him only two weeks before he filled out ATF Form

7

4473 and answered question 11b. The district court also noted that Floyd corrected the federal agents when they misstated the tampering with evidence charges against him. Thus, the district court found (1) "[t]hat the Defendant James Floyd acquired a firearm from a Federally licensed firearms dealer, as charged," (2) "[t]hat in so doing the Defendant James Floyd knowingly made a false or fictitious statement in writing with intent to deceive such firearms dealer," and (3) "[t]hat the subject matter of the false statement was material to the lawfulness of the sale." On January 24, 2008, the district court sentenced Floyd to five months' imprisonment and two years' supervised release.[2]

Floyd appeals the sufficiency of the evidence to convict him.[3]

## II. DISCUSSION

In order to sustain a conviction under 18 U.S.C. § 922(a)(6), the government

---

[2]Although Floyd has completed his term of incarceration, the present appeal is not moot because: (1) he challenges his underlying conviction, not his sentence; and (2) in any event, he has not fully discharged that sentence because he is serving his term of supervised release. See United States v. Corrigan, 144 F.3d 763, 766 n.3 (11th Cir. 1998) (finding direct criminal appeal not rendered moot by discharge of sentence).

[3]"We review challenges to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government." United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). "'In reviewing the sufficiency of the evidence in support of a conviction in a criminal case following a non-jury trial, we must determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt.'" United States v. Brown, 415 F.3d 1257, 1270 (11th Cir. 2005) (quoting United States v. Burstyn, 878 F.2d 1322, 1324 (11th Cir. 1989)). We review a district court's finding of fact for clear error. United States v. Mercer, 541 F.3d 1070, 1073-74 (11th Cir. 2008). We apply this same standard of review to determine the sufficiency of stipulated facts. United States v. Moore, 427 F.2d 38, 41-42 (5th Cir. 1970).

must prove that: "(1) the defendant knowingly made; (2) a false or fictitious written statement in connection with the purchase of firearms; (3) intended to deceive or likely to deceive a licensed firearms dealer; (4) and the false statement was a fact material to the lawfulness of the sale or disposition of the firearm." United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2003). Specific intent is not an element of the offense. Id. at 1036 n.10.

On appeal, Floyd abandons his argument that he misunderstood question 11b as referring only to federal charges and attempts to retract his stipulation that the statement was false. Floyd now argues that he did not knowingly make a false statement because the state information was ambiguous as to whether he faced a felony or other charge that was punishable by more than one year's imprisonment.[4]

The problem with Floyd's argument is that the issue of his intent was a fact issue for the trial judge, as the fact-finder, and there was sufficient evidence to

[4]Floyd also argues that his answer to question 11b was not false because he would not have received any sentence of imprisonment, much less a sentence of a year or more imprisonment, under the Florida sentencing guidelines because of his lack of a prior criminal record. Floyd argues that this Court should look to the sentence faced by the individual defendant, not the statutory sentencing range for the offense charged, in analyzing whether he was charged with an offense punishable by more than one year's imprisonment. However, Floyd has not pointed to any case from the Supreme Court or this Court supporting his argument. Floyd relies on the Tenth Circuit's decision in United States v. Hill, 512 F.3d 1277 (10th Cir. 2008), but the Tenth Circuit vacated this opinion and substituted an opinion in its place that concluded that the Supreme Court's decision in United States v. Rodriquez, __ U.S. __, 128 S. Ct. 1783 (2008), "demands that courts focus on the maximum statutory penalty for the offense, not the individual defendant" in determining whether a defendant is a convicted felon for purposes of 18 U.S.C. § 922(g)(1). United States v. Hill, 539 F.3d 1213, 1220-21 (10th Cir. 2008).

support the trial judge's fact finding that Floyd had the requisite intent. First, the stipulated facts provided that: (1) on July 12, 2006, Floyd was arraigned in state court and "provided a copy of the Information and apprised of the charges"; and (2) on July 17, 2006, Floyd again appeared in state court on the same charges. One of these charges in the information was attempted tampering with evidence, which the information referred to as a violation of Florida Statute §§ 777.04(1) and (4)(d) and 918.13. A violation of these statutes is indisputably a third-degree felony under Florida law.[5] In addition, the state information labeled the possession of cannabis and reckless driving charges as misdemeanors, but had no such label on the attempted tampering with physical evidence charge.

Second, the court noted that Floyd had corrected the federal agents when they misstated the tampering with evidence charge against him. Also, he told the agents that he just thought the word "indictment" in question 11b referred to federal cases. Floyd said nothing about not knowing that one of the pending state charges against him was a felony.

---

[5]Florida Statute § 918.13 is the substantive offense of tampering with physical evidence and is a third-degree felony. Fla. Stat. § 918.13. Florida Statute § 777.04 outlines the offense of criminal attempt and states, inter alia, that if the offense attempted is a third-degree felony ranked in level three or higher, then the offense of criminal attempt is a third-degree felony. Fla. Stat. § 777.04(1), (4)(d). Because a violation of Florida Statute § 918.13 is a level three third-degree felony, Fla. Stat. § 921.002(3)(c), the attempted tampering with physical evidence charge was a third-degree felony for which Floyd could be sentenced to up to five years' imprisonment, Fla. Stat. § 775.082(3)(d).

In sum, the district court reasonably determined from these facts that Floyd was aware of the state information against him and the charges therein when he filled out ATF Form 4473 two weeks later and provided a false answer to question 11b. Furthermore, the district court was entitled to reject Floyd's argument that he made an honest mistake because he believed, based on what he remembered from television shows, that the term "indictment" in question 11b in ATF Form 4473 referred only to federal charges. The ATF Form 4473 itself asked if he was "under indictment <u>or</u> information in <u>any</u> court," not just whether he was under indictment, and explained later in the form that question 11b referred to "[a]n indictment, information, or conviction in any Federal, State, local, or foreign court." (Emphasis added). As to the intent to deceive, the evidence was sufficient for the district court to find that Floyd knowingly provided a false answer to question 11b in order to deceive the firearms dealer to sell him a firearm that day and take it home before his pending state charges were detected. Finally, Floyd stipulated that the subject matter of question 11b was material to the lawfulness of the sale and does not dispute this element on appeal.

Accordingly, we conclude that the evidence was sufficient to convict Floyd of knowingly making a false statement to a federally licensed firearms dealer.

**AFFIRMED.**

11