[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10061
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00223-GKS-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES T. SKUTHAN,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2011)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Attorney James Skuthan appeals his conviction for criminal contempt, under

18 U.S.C. § 401(3) and Fed.R.Crim.P. 42(a), for failure to appear and failure to provide the court with notice of a conflict during his representation of a client at a sentencing hearing before district court Judge G. Kendall Sharp. Skuthan was not present when his case before Judge Sharp was first called because he was tending to matters of other clients before another district court judge, Chief Judge Conway, and he failed to file a notice of conflict with the court regarding his conflicting hearing obligations.

On appeal, Skuthan first argues that the district court's order of contempt is procedurally deficient since Rule 42(b) does not authorize the court to summarily dispose of criminal contempt proceedings where, as here, the contemptuous conduct occurred outside the presence of the judge. Instead, Skuthan argues, he was entitled to notice of the proceeding and an opportunity to obtain counsel and present evidence in his defense, as required by Rule 42(a). Secondly, he argues that the district court's order is substantively deficient since there was no reasonably specific order in existence for him to violate, and there is no evidence that his actions were willful, intentional, or reckless. Specifically, he contends that he made substantial efforts to reconcile his conflicting hearing obligations by contacting Judge Conway's chambers weeks before the hearing date, and it was his understanding that Judge Conway's chambers had contacted Judge Sharp's

2

chambers regarding the scheduling conflict.

As a preliminary matter, the district court did not indicate whether it was finding Skuthan in criminal or civil contempt of court. However, we have "uniformly regarded the imposition of a penalty against attorneys for a punitive purpose as a criminal contempt sanction." *United States v. KS & W Offshore Engineering, Inc.*, 932 F.2d 906, 908 (11th Cir. 1991); *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2007) (stating that, "[b]ecause the district court assessed a punitive fine against the [attorney], the contempt order [was] criminal in nature"). "Unlike civil contempt, an order of criminal contempt is a final decision that is immediately appealable." *Drummond*, 480 F.3d at 1242.

The district court here erred in summarily disposing of the criminal contempt charge against Skuthan. First, since Skuthan was subject to an indirect contempt order, summary disposition would normally not be appropriate. Secondly, although Skuthan provided the court with an explanation for his absence and failure to file a notice of conflict prior to the court's finding of contempt, this is the type of situation in which the attorney would benefit from the opportunity to call witnesses in his defense. Therefore, Skuthan was entitled to the procedural protections of Rule 42(a). Even if this were the type of case where the procedures of Rule 42(a) need not be followed, there is not sufficient evidence

3

to support a charge of criminal contempt.

Although Skuthan violated the court's order to appear at his client's sentencing hearing, his conduct does not rise to the level of willfulness. Since there is insufficient evidence to support a finding of criminal contempt, remand to the district court to comply with the procedures of Rule 42(a) would not be proper. *See Robinson*, 922 F.2d at 1535 (holding that, where the attorney's conduct did not constitute contempt, "a remand to the district court to allow compliance with Rule 42(a) would be fruitless"). Accordingly, we reverse the district court's contempt order and dismiss the proceedings against Skuthan.

**REVERSED AND DISMISSED.**