United States Court of Appeals,

Eleventh Circuit.

Nos. 94-4854, 94-5308.

UNITED STATES of America, Plaintiff-Appellee,

v.

Steven DePACE, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Carlton Albert DePACE, Defendant-Appellant.

Aug. 25, 1997.

Appeals from the United States District Court for the Southern District of Florida. (No. 93-6189-CR-Roettger), Norman C. Roettger, Judge.

Before TJOFLAT and EDMONDSON, Circuit Judges, and O'NEILL[*], Senior District Judge.

O'NEILL, Senior District Judge:

Appellants, Steven and Carlton DePace, who are brothers, appeal from judgments of conviction entered on their guilty pleas. The DePaces challenge two aspects of their guilty pleas to Count Three using and carrying a handgun during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.[1] They first contend that their pleas to Count Three, were not knowing and intelligent because the district court failed to inform them of the nature of the charge as required by Fed.R.Crim.P. 11(c). Second, they argue that the district court's inquiry into the factual basis for the plea to Count Three was insufficient to comply with Fed.R.Crim.P. 11(f). Appellants also assert and the government concedes that the district court's upward

---

[*]Honorable Thomas N. O'Neill, Jr., Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

[1]Pursuant to a plea agreement, appellants pled guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (Count One), using and carrying a handgun during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Three), and using a handgun to assault a D.E.A. Agent in violation of 18 U.S.C. § 111 and 18 U.S.C. § 2 (Count Four). Appellants challenge only their convictions entered on their guilty pleas to Count Three.

sentencing departure without notice violates due process and the Supreme Court's decision in *Burns v. United States,* 501 U.S. 129, 138-39, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991).[2]  For the reasons that follow we will affirm the judgments of conviction but will vacate the sentences and remand for resentencing.

I.

This appeal arises out of an attempt by the DePace brothers and their co-defendants to steal a large shipment of marijuana from undercover D.E.A. Agents from whom the defendants had arranged to purchase the marijuana.  In October, 1993, defendants Steven DePace and Frederick Anthony Miccio met with undercover D.E.A. Agents Griffith and Bennet who were posing as marijuana suppliers.  On October 20, 1993 Agent Bennet drove 535 pounds of marijuana to meet Miccio, who inspected the marijuana and told Bennet to drive the marijuana to a hotel where Bennet would receive payment.

Miccio accompanied Agent Bennet to a hotel room and knocked on the door.  Steven DePace answered the door and allowed Agent Bennet and Miccio to enter.  Another co-defendant, Dellamonica, was inside the hotel room masquerading as a D.E.A. Agent and brandishing a D.E.A. Task Force Badge and a handgun.  He approached Agent Bennet and said, "We're cops.  You're under arrest." Yet another co-defendant, Shisoff, then came forward wearing a stocking mask and carrying a handgun.

Defendants Dellamonica and Shisoff forced Agent Bennet onto a bed and tied his hands and feet with duct tape.  As they were attempting to tape his mouth shut, other agents broke into the room and arrested Steven DePace, Dellamonica and Shisoff.  The agents recovered three loaded firearms in the room.

---

[2]Appellants also contend that 18 U.S.C. § 924(c) is an unconstitutional effort to regulate intrastate, non-economic activity.  We agree with the Courts of Appeals that have rejected this argument.  *See United States v. Brown,* 72 F.3d 96, 96 (8th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 2581, 135 L.Ed.2d 1095 (1996), *United States v. Leshuk,* 65 F.3d 1105, 1111-12 (4th Cir.1995).

Agents arrested Carlton DePace sitting in a van in the hotel parking lot after he admitted that he was acting as a lookout for the group. He later confessed that his role was to block the parking lot if anything went awry with the plan.

## II.

On this direct appeal, Steven and Carlton DePace contend that the district court failed to comply with Fed.R.Crim.P. 11(c)(1) when it accepted their guilty pleas. Rule 11(c) provides:

> (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands the following:

> (1) the nature of the charge to which the plea is offered.

An appellate court must review the record of the Rule 11 hearing as a whole, and the "district court's implicit factual finding that the requirements of Rule 11 were satisfied when it accepted the defendants' pleas is subject to the clearly erroneous standard of review." *United States v. Lopez,* 907 F.2d 1096, 1099 (11th Cir.1990); *accord United States v. Siegel,* 102 F.3d 477, 480 (11th Cir.1996).

"Rule 11(c)(1) imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea." *Siegel,* 102 F.3d at 481 (citing *United States v. Stitzer,* 785 F.2d 1506, 1513 (11th Cir.1986)). Three core concerns underlie this rule: "(1) the guilty plea must be free of coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know the consequences of the plea." *United States v. Hourihan,* 936 F.2d 508, 511 n. 4 (11th Cir.1991). A "court's failure to address any one of these three core concerns requires automatic reversal." *United States v. Bell,* 776 F.2d 965, 968 (11th Cir.1985).

Appellants argue that the district court did not ensure that they understood the nature of the charge of using and carrying a handgun during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Appellants never actually possessed handguns but were charged with aiding and abetting their co-defendants who had used handguns in the attempted theft of the marijuana from

3

the undercover D.E.A. Agent.  The government counters that the colloquy satisfied Rule 11 and alternatively that any Rule 11 violation was harmless.

A review of the Rule 11 colloquy as a whole reveals that the district court did inquire into the DePaces' understanding of the charges to which they were pleading guilty.  The district court first inquired into the Depaces' educational background.  They responded as follows:

MR. C. DePACE:  I also finished high school and have about forty college credits.

MR. S. DePACE:  I graduated High School, and I have college credits and technical school.
This inquiry established that the DePaces were intelligent people fully capable of understanding the nature of the charges against them.  *See Bell,* 776 F.2d at 969 (holding similar inquiry established that defendant was sufficiently intelligent to understand charges).

The district court then confirmed that the DePaces had received a copy of the indictment, had discussed it thoroughly with counsel, and were satisfied with counsel.  The district court then read the indictment in full.  Count Three, the weapons charge at issue, read as follows:

> On or about October 20th, 1993 ... the defendants ... did knowingly use and carry a firearm, that is a handgun during and in relation to a drug trafficking crime.[3]

The district court also enumerated and confirmed that the DePaces understood the essential elements of the offenses and had read the Plea Agreement and discussed it thoroughly with counsel before signing it.  Neither the indictment, the essential elements nor Plea Agreement, however, explained the aiding and abetting theory that linked the DePaces to the firearms carried and used by their co-defendants.

When asked whether they had any questions about the proceedings both DePaces responded that they did not.  They also agreed with the government's factual proffer and acknowledged that they assisted in the attempt to steal the marijuana, knew the substance was marijuana and expected

---

[3]The aiding and abetting theory is not an essential element of the offense and it is not necessary to make reference to it in the indictment. *United States v. Martin,* 747 F.2d 1404, 1406 (11th Cir.1984).

to gain financially from the transaction.  With that, the district court accepted the DePace brothers' guilty pleas.

The district court deliberately verified that the DePaces understood in general terms the nature of the charges against them.  However, the district court did not explicitly discuss the aiding and abetting theory of liability that linked the DePaces to the weapons used and carried by their co-conspirators because in this case the aiding and abetting theory is not an essential element of the offense requiring inclusion in the indictment.

No simple or mechanical rule determines whether the district court complied with Rule 11's mandate to satisfy itself that the DePaces understood the nature of the charges against them.  *Bell,* 776 F.2d at 968;  *see also McCarthy v. United States,* 394 U.S. 459, 467 n. 20, 89 S.Ct. 1166, 1171 n. 20 (1969);  *United States v. Dayton,* 604 F.2d 931, 937-38 (5th Cir.1979) (en banc).[4]  Rather, the inquiry varies from case to case depending on "the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence."  *Bell,* 776 F.2d at 968 (quoting *Dayton,* 604 F.2d at 938).  We have described the spectrum of complexity of charges and the concomitant degree of required explication as follows:

> For simple charges ... a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice.  Charges of a more complex nature, incorporating esoteric terms or concepts unfamiliar to the lay mind, may require more explication.  In the cases of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required.

*Dayton,* 604 F.2d at 937-38.

The crime of using and carrying a handgun during and in relation to drug trafficking is ordinarily a relatively simple charge easily understood by a person of the DePaces' relative intelligence and sophistication.[5]  *See United States v. Sanchez,* 650 F.2d 745, 746-48 (5th Cir.1981)

---

[4]This Court adopted as precedent decisions of the former Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

[5]For an example of a complex charge see *United States v. Byrd,* 804 F.2d 1204, 1206-07 (11th Cir.1986) (affirming conviction where defendant pled guilty to a Travel Act charge, 18 U.S.C. § 952, and district court's colloquy closely paralleled pattern jury instruction).  *See also Lopez,* 907

(affirming defendant's conviction where twenty-five year old migrant worker pled guilty to possession of marijuana with intent to distribute; prosecutor read the indictment and district court asked defendant if he had any questions). We must decide whether the aiding and abetting theory of liability complicates the nature of the charge to a degree that would impair one or both of the DePace brothers' understanding of the nature of the charge to which they pled guilty.

The degree of complexity added by the aiding and abetting theory is minimal in Steven's case. Steven opened the hotel room door for the D.E.A. Agent Bennet and watched as two of his co-defendants, brandishing weapons, assaulted the agent. Steven was arrested, along with his co-defendants, in a hotel room which contained three loaded weapons. A lay person of Steven's intelligence would likely understand his liability for the use and carrying of firearms under those circumstances. Therefore, we hold that, even absent an explicit discussion of aiding and abetting, the district court adequately informed Steven of the nature of the charges. Under these circumstances, the district court's implicit factual finding that Steven understood the nature of the charges was not clearly erroneous. *See Lopez,* 907 F.2d at 1099.

From a lay person's perspective, Carlton's criminal liability for carrying and using the handguns is more difficult to comprehend. Carlton was outside in a van when the assault occurred and the weapons were used, and there is no evidence linking him directly to the handguns. The law of aiding and abetting would impose liability for Carlton's conduct in assisting the scheme in which weapons were used and a lay person might not understand this legal principle without an explanation. *See United States v. Lowery,* 60 F.3d 1199, 1205 (6th Cir.1995) ("It is not difficult to understand that ... a lay person, might not understand why [the defendant] would be guilty of aiding and abetting the crime of "using and carrying' a firearm [when he] did not possess the gun at all."),[6]

F.2d at 1099-1100 (affirming conviction of RICO narcotics defendants, who were former police officers better acquainted with the violations than the average person, despite failure of district court to recite all predicate racketeering acts and to explain in detail the relationship between the RICO offense and predicate acts).

[6]*Lowery* is distinguishable because the defendant there expressed a lack of understanding of how he was guilty for carrying and using of a firearm without actually possessing the firearm.

6

*United States v. Smith,* 60 F.3d 595, 597 (9th Cir.1995) (stating that defendant must understand not only the facts, but also the law in relation to the facts).[7]

Despite this added complexity in the nature of the charges against Carlton, we hold that the district court's implicit factual finding that Carlton understood the nature of the charges was not clearly erroneous. The district court first determined that Carlton graduated from high school and had earned approximately forty college credits. The court then read the indictment, listed the essential elements and confirmed that Carlton had reviewed the plea agreement and the indictment with counsel. Carlton affirmed that he agreed with the factual proffer and admitted that he had assisted in the attempted theft of the marijuana, knew that he and his co-conspirators would be procuring marijuana and expected to benefit financial from the transaction. The district court asked whether Carlton had any questions about the proceedings and Carlton confirmed that he did not. Finally, Carlton, who was represented by counsel, never objected or expressed any confusion throughout the proceeding.

The district court, unlike this court, observed Carlton's interaction with counsel and his demeanor as he confirmed his agreement to the plea. *See Byrd,* 804 F.2d at 1207. There is nothing in the record to contradict the district court's conclusion that Carlton adequately comprehended the basis for his plea.

While a brief explanation of the aiding and abetting theory would have been preferable, we cannot find that its omission undermined Carlton's understanding to a degree that would invalidate the district court's acceptance of the guilty plea. Upon review of the colloquy as a whole, we conclude that the district court's implicit factual finding that Carlton understood the nature of the charges was not clearly erroneous.

III.

Neither of the DePaces ever expressed such a lack of understanding of the charges.

[7]We note that the Sixth and Ninth Circuit Courts of Appeals apply a de novo standard in reviewing a district court's compliance with Rule 11. *Lowery,* 60 F.3d at 1204-05; *Smith,* 60 F.3d at 596 n. 1. We apply a clearly erroneous standard of review. *Lopez,* 907 F.2d at 1099.

Appellants also argue that the district court failed to satisfy itself that a factual basis existed for the DePace brothers' guilty plea.[8] The DePaces assert that the government's factual proffer fails to establish their guilt for aiding and abetting the use and carrying of the handguns in connection with a drug trafficking offense. Specifically, the DePaces contend that there is no evidence that they procured, possessed or helped anyone else procure or possess a weapon. Their argument is without merit.

A district court "accepting a plea must determine whether "the conduct which the defendant admits constitutes the offense ... to which the defendant has pleaded guilty.' " *Lopez,* 907 F.2d at 1100 (quoting *McCarthy* 494 U.S. at 467, 89 S.Ct. at 1171). The standard for evaluating the DePaces' argument is "whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." *Lopez,* 907 F.2d at 1100 (citations omitted).

To prove guilt by aiding and abetting the government must show that the "substantive offense was committed by someone, [that] there was an act by the defendant[s] which contributed to and furthered the offense, and [that] the defendant[s] intended to aid in its commission." *United States v. Walser,* 3 F.3d 380, 387 (11th Cir.1993) (citing *United States v. Jones,* 913 F.2d 1552, 1558 (11th Cir.1990)). The DePaces contend that the factual proffer did not establish an act by either of the DePaces which contributed to or furthered the offense.

The factual proffer, however, establishes acts by the DePaces which contributed or furthered the offense. Both brothers were at the scene of the crime and their presence and the division of labor among the co-defendants facilitated the scheme whereby their accomplices, brandishing handguns, ambushed the undercover D.E.A. Agent during the purported drug transaction. This evidence is

---

[8]Fed.R.Crim.P. 11(f) provides that the court "shall satisfy [itself] that there is a factual basis for the plea." The purpose of Rule 11(f) is to "protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *Lopez,* 907 F.2d at 1100.

sufficient to establish the requisite acts which contributed to and furthered the offense.[9] Thus the district court properly accepted the factual proffer as sufficient to support the DePaces' guilty pleas.

IV.

Appellants argue and appellee concedes that the district court's upward sentencing departure violates the Due Process Clause and the Supreme Court's decision in *Burns v. United States,* 501 U.S. 129, 138-39, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991), because it took place without notice. We agree.

V.

For the foregoing reasons we AFFIRM the convictions of Steven and Carlton DePace, VACATE their sentences, and REMAND for resentencing.

---

[9]The Supreme Court recently held that "use" of a firearm during and in relation to a drug trafficking offense requires active employment of the firearm. *Bailey v. U.S.,* --- U.S. ----, ----, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). The Supreme Court illustrations of what it considered active employment included "brandishing" and "displaying." *Id.* at ----, 116 S.Ct. at 508. The conduct of the DePaces' co-defendants fits squarely into the Supreme Court's illustrations and therefore *Bailey* does not support an argument that the DePaces' co-defendants were not guilty of violating § 924(c). Also, the Supreme Court did not limit the aiding and abetting theory of criminal liability in *Bailey;* it merely defined the term use. Therefore *Bailey* provides no additional basis for appellants' argument that the district court failed to satisfy itself that a factual basis existed for their guilty pleas.