**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles K. ANDERSON, Defendant–Appellant.**

No. 02–4444.

United States Court of Appeals, Sixth Circuit.

Feb. 13, 2004.

Gary D. Arbeznik, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Robert D. Little, Law Office of Robert Little, Maplewood, NJ, for Defendant–Appellant.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

## ORDER

Charles K. Anderson appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Anderson was charged with taking part in the robbery of an armored car. In the course of the robbery, the armored car's guard was disarmed, bound, transported, and deposited in a field.

Anderson pleaded guilty to committing armed robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d) pursuant to a negotiated plea agreement. As part of the plea agreement, Anderson waived his right to appeal the district court's findings of fact or the entry of judgment or otherwise file any post-conviction motions. The Probation Office prepared a presentence report to which Anderson filed no objections. The report yielded a guideline range of 121 to 151 months of imprisonment. At sentencing, the district court added two points to the calculation pursuant to USSG § 2B3.1(b)(4) for the physical restraint of the armored car guard. Thereafter, without objection, the district court sentenced Anderson to 135 months of imprisonment, three years of supervised release, and restitution in the amount of $2.550.

On appeal, Anderson contends that: 1) the district court erred in its guilty plea colloquy and he did not, therefore, plead guilty knowingly and voluntarily; and 2) the district court improperly sentenced him by sua sponte adding two levels to the sentencing calculation.

Unobjected to error in the district court's guilty plea colloquy is reversible only upon a showing that such error was plain and that it affected the defendant's substantial rights. *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152

L.Ed.2d 90 (2002). An error is plain if it is clear under current law and affected the outcome of the district court proceedings. *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). A reviewing court may consult the whole record when considering the effect of any alleged error on substantial rights. *Vonn,* 535 U.S. at 58.

Anderson's first claim is meritless. He claims that his guilty plea was not entered into knowingly and voluntarily because the district court did not adequately explain the elements of the offense to him. In support of his claim, Anderson cites *United States v. Lowery,* 60 F.3d 1199, 1205 (6th Cir.1995) (reversing defendant's guilty plea because the court did not describe aiding and abetting).

The procedure for accepting guilty pleas under Fed. Rule Crim. P. 11 is not constitutionally mandated, but rather is designed to assist the trial judge in making the determination that the defendant's guilty plea is truly voluntary, and to produce a complete record of the factors relevant to this voluntariness determination. *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

The district court did not commit plain error here because Anderson acknowledged that he understood the charge against him and that he had discussed that charge with his attorney. *Lowery* is distinguishable from the instant case because the court in *Lowery* did not read the indictment to the defendant and the defendant there repeatedly indicated that he did not understand the charge against him. Moreover, the panel in *Lowery* did not have the benefit of the Supreme Court's decision in *Vonn,* which now requires that Anderson's claim be reviewed for plain error. *Vonn,* 535 U.S. at 58.

■ Anderson acknowledged that he and his codefendants had taken by force, violence, and intimidation from the armored car guard of the Loomis Fargo Bank approximately $850.000 belonging to the PNC Bank, whose deposits were insured by the Federal Deposit Insurance Corporation, and that he and his codefendants assaulted and put in jeopardy the life of the armored car guard by the use of a firearm. Thus, Anderson has not met his burden of showing that the court's alleged omissions amounted to plain error. *See id.; United States v. DePace,* 120 F.3d 233, 237–38 & n. 7 (11th Cir.1997).

■ Anderson's second claim is meritless. He contends that the district court improperly sentenced him by sua sponte adding two levels to the sentencing calculation. Before sentencing, the district court advised counsel for the parties that Anderson's presentence report was not accurate in its calculations and that the report did not include a two-level increase for physical restraint pursuant to USSG § 2B3.1(b)(4). The district court invited counsel to comment on the correction and proposed increase. Anderson did not object to the proposed increase or raise any legal arguments at sentencing. Therefore, Anderson has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas-Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the record.

Guideline § 2B3.1(b)(4) instructs the court to increase a sentence by two levels if any person was physically restrained to facilitate commission of the offense or to facilitate escape. USSG § 2B3.1(b)(4)(B). Anderson admits that the armored car guard was bound with duct tape to facilitate the robbery, and the restraint of the guard was reasonably foreseeable by all of the defendants because the restraint was a part of their plan. *See United States v. Hoskins,* 282 F.3d 772, 777 (9th Cir.), *cert. denied,* 536 U.S. 933, 122 S.Ct. 2610, 153 L.Ed.2d 796 (2002).

Moreover, Anderson expressly waived his right to appeal his sentencing guideline calculation when he executed his plea agreement. *See United States v. Allison*, 59 F.3d 43, 46 (6th Cir.1995). In the plea agreement, Anderson waived, in pertinent part, any objection to the imposition of sentence. The district court went to great lengths to ascertain Anderson's understanding of that waiver. Therefore, inasmuch as Anderson's plea agreement was entered into knowingly and voluntarily for the reasons set forth above, he expressly waived his right to appeal his sentencing guideline calculation.

Accordingly, we affirm the district court's judgment.