[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2007
THOMAS K. KAHN
CLERK

No. 06-15195
Non-Argument Calendar

_____

D. C. Docket No. 06-00038-CR-ORL-31-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES THOMAS WINN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 27, 2007)

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

James Thomas Winn appeals his convictions on two counts of possession of a firearm in furtherance of a crime of violence,[1] contending the statute of conviction, 18 U.S.C. § 924(c), violates the Commerce Clause.

Winn failed to raise this issue in the district court, thus we review for plain error. *See United States v. Peters*, 403 F.3d 1263, 1270-71 (11th Cir. 2005) (stating when a defendant fails to raise a constitutional challenge in the district court, we review for plain error). "[W]e may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (quotations omitted). Even if we hold these three prongs are satisfied, "we will exercise our discretion to rectify the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted).

We have expressly held that § 924(c) does not violate the Commerce Clause. *United States v. Ferreira*, 275 F.3d 1020, 1028 (11th Cir. 2001); *see also United States v. DePace*, 120 F.3d 233, 235 n.2 (11th Cir. 1997). Thus, the district court did not err, much less plainly err, in convicting Winn under § 924(c). *See id.* To the extent Winn contends we should overrule these cases, this argument is without merit because only this Court sitting en banc or the Supreme Court may overrule a

---

[1] Winn does not contest his conviction for conspiracy to rob a federally insured bank, which did not involve 18 U.S.C. § 924(c).

2

prior panel decision. *Walker v. S. Co. Servs., Inc.*, 279 F.3d 1289, 1293 (11th

Cir. 2002).[2]  We affirm Winn's convictions.

**AFFIRMED.**

---

[2] To the extent Winn may have sought to challenge § 924(c) as unconstitutional as applied to him, he abandoned the issue by failing to offer any argument or analysis of it in his brief. *See Flanigan's Enters., Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding when a defendant fails "to elaborate or provide any citation of authority in support," he abandons the argument for appellate purposes); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) (stating issues "not clearly outlined in an appellant's initial brief are deemed abandoned").