[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15517
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00284-RWS-JFK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAHKEEM BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 15, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

       After a guilty plea, Rahkeem Butler appeals his seven-year prison sentence

on Count 3 for brandishing a firearm during a crime of violence, which was

imposed consecutively to his three-year prison sentence on Count 1.  Butler does not challenge his three-year sentence on Count 1 for conspiracy to commit an armed robbery under the Hobbs Act.  After careful review of the record as to the Count 3 sentence, we affirm.

## I.  BACKGROUND

### A.    September 12, 2012 Indictment

On September 12, 2012, a grand jury indicted Butler with one count of conspiracy to commit an armed robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951(a) (Count 1) and one count of violating "Title 18, United States Code, Section 924(c)(1)(A) and Section 2" (Count 3). As to Count 3, the indictment alleged that Butler "did use and carry a firearm during and in relation to a crime of violence, that is, conspiracy to interfere with commerce by robbery." Count 3 did not, however, allege that Butler "brandished" the firearm.

As to Count 3, the penalty for a violation of § 924(c)(1)(A) is a mandatory minimum sentence of five years' imprisonment.  18 U.S.C. § 924(c)(1)(A)(i).  But if the firearm is brandished, the mandatory minimum penalty is increased to seven years' imprisonment.  Id. § 924(c)(1)(A)(ii).  As explained below, Butler admitted that he brandished a firearm, and thus, the district court imposed the seven-year mandatory minimum sentence on Count 3.

### B.    December 11, 2012 Plea Colloquy

On December 11, 2012, Butler pled guilty to Counts 1 and 3 without entering into a plea agreement with the government.  At that time, Butler was twenty-three years' old and had attended two years of college.

At the plea colloquy, the district court advised Butler of his right to a trial on the charges against him and asked him if he was "willing to give up that right." Butler confirmed that he understood that he had a right to a trial and was waiving that right by pleading guilty.  The government, at the district court's direction, stated the elements of the offenses to which Butler was pleading guilty.  As to Count 3 in particular, the government stated that the elements were "first, that Mr. Butler committed the crime of violence, as charged, in Count One; secondly, that during and in relation to that crime, he used or carried a firearm, as charged; and third, that he knowingly brandished that firearm during the commission of the crime."  The district court asked Butler if he understood the matters the government would have to prove to convict him, and Butler replied that he did.

The government stated that, if the case proceeded to trial, the evidence would show, inter alia, that: (1) Butler and a codefendant "entered the bank brandishing handguns"; (2) "one of the robbers jumped the teller counter and began demanding money from the tellers"; (3) "[t]he second robber . . . while displaying the gun, ordered one of the employees to take him to the bank vault"; and (4) the "robbers ma[de] statements along the lines of, don't make me shoot

3

you."  The district court asked Butler whether he admitted the facts as stated by the government, and Butler stated that he did.  The court then specifically asked Butler, "So you admit you . . . brandished a firearm during the robbery?"  Butler confirmed that he "brandished" a firearm during the robbery.

Next, the government set forth the potential penalties Butler faced, including that Count 3 had "a mandatory minimum term of imprisonment of seven years to be served consecutively to any guideline sentence imposed in the case."  The district court asked Butler if he understood the potential penalties, and Butler replied that he did.  The court then asked Butler, "And you understand the Count Three charge is a mandatory consecutive seven years; that is, that will be added to any time you're given on . . . Count One."  Butler replied that he understood.  The district court asked Butler whether there was anything previously discussed that Butler did not "fully understand," and Butler stated that there was not.  The court also asked Butler's counsel if he was aware of any reason it should not accept the plea, and Butler's counsel stated that he was not.

The district court found that Butler was competent and understood the charges and the consequences of his plea, the plea had a factual basis, and the plea was voluntarily made.  The court accepted Butler's guilty plea as to Counts 1 and 3.

C.    **Initial and Revised Presentence Investigation Reports**

The initial presentence investigation report ("PSI"), dated August 28, 2013, stated that Butler had an advisory guidelines range of 46 to 57 months' imprisonment as to Count 1 based on a total offense level of 22 and a criminal history category of II.  The initial PSI also stated that Count 3 had a five-year mandatory minimum prison sentence, to run consecutively to Count 1's sentence.  The government objected to the PSI's statement that Count 3 had a five-year mandatory minimum sentence, arguing that a seven-year mandatory minimum applied, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), as Butler pled guilty to brandishing a firearm.

The probation officer agreed with the government and, on November 7, 2013, issued an amended PSI to reflect that Count 3 had a seven-year mandatory minimum sentence.  Butler's guideline range of 46 to 57 months' imprisonment for Count 1 remained unchanged.

**D.    November 14, 2013 Sentencing Memorandum**

In a sentencing memorandum filed on November 14, 2013, Butler argued that, in the absence of a written plea agreement stipulating that he brandished a firearm, or a jury finding as to that issue, it would be a miscarriage of justice for the district court to apply a seven-year mandatory minimum sentence on Count 3, especially where the parties had originally agreed upon the initial PSI's contents.  Butler argued that applying the seven-year mandatory minimum sentence would

violate Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013) (concluding that "[a]ny fact that increases the mandatory minimum sentence is an 'element' that must be submitted to the jury").  Butler also argued that, at the time he pled guilty, he did not understand the "brandishing" element, as the district court did not define that element.

### E.    November 21, 2013 Sentencing Hearing

At sentencing on November 21, 2013, Butler, through counsel, argued that, because the indictment alleged that he used and carried a firearm, but did not allege "brandishing," as required to trigger the enhanced § 924(c)(1)(A) penalty, Count 3's mandatory minimum was five years' imprisonment, not seven years.  Butler contended that he lacked sufficient notice that a mandatory minimum penalty of seven years would apply as to Count 3.  He also argued that the facts proffered by the government did not establish that he brandished a firearm.

The district court found that, at the plea colloquy, Butler understood that Count 3 had a mandatory minimum consecutive sentence of seven years, as he was advised of that penalty.  The district court found that Butler was on notice of "what the Government was contending and . . . of what the penalties were."  The district court also noted that it had "actually had [Butler] admit brandishing specifically" during the earlier plea colloquy.  The district court overruled Butler's Alleyne-based objection to the revised PSI and thus implicitly rejected Butler's claim—that

6

he had not understood the "brandishing" element. The district court adopted the final version of the PSI, which stated that a seven-year mandatory minimum prison sentence applied on Count 3.

The district court sentenced Butler to 36 months' imprisonment on Count 1 and to the mandatory minimum of 84 months' imprisonment (i.e., 7 years) on Count 3. Butler's total sentence was 120 months' imprisonment. Butler now appeals.

## II. DISCUSSION[1]

### A.     Facts that Increase the Mandatory Minimum

As noted above, a defendant has a five-year mandatory minimum sentence if he uses or carries a firearm during and in relation to a crime of violence (in this case, conspiracy to commit armed robbery). 18 U.S.C. § 924(c)(1)(A)(i). However, if the defendant brandishes the firearm during the commission of the crime, the mandatory minimum sentence is increased to seven years. Id. § 924(c)(1)(A)(ii). As § 924 explains, brandishing a firearm means "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." Id. § 924(c)(4).

---

[1]We review preserved claims under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) (and therefore, Alleyne), de novo, but reverse only for harmful error. See United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002).

In Apprendi v. New Jersey, the Supreme Court held that, under the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's right to a trial by jury, that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000).  In United States v. Cotton, the Court declared that, "[i]n federal prosecutions, such facts must also be charged in the indictment."  535 U.S. 625, 627, 122 S. Ct. 1781, 1783 (2002).

Subsequently, in Alleyne v. United States, the Supreme Court held that the Sixth Amendment requires that any fact that increases the mandatory statutory minimum penalty, such as the brandishing of a firearm under 18 U.S.C. § 924(c)(1)(A)(ii), is an "element" that must be submitted to the jury.  133 S. Ct. at 2155-56, 2162-64.

As United States v.Booker clarifies, however, the Sixth Amendment is not violated where such a fact is either submitted to the jury or "admitted by the defendant."  543 U.S. 220, 228, 125 S. Ct. 738, 746-47 (2005) (stating that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" (quotation marks omitted)); see United States v. Steed, 548 F.3d 961, 978-79 (11th Cir. 2008) (noting that the Supreme Court in Booker reaffirming

8

its holding in Apprendi, that "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" (quotation marks omitted)).

**B.     Butler's Sentence on Count 3**

Here, Butler argues that his sentence on Count 3 must be vacated under Apprendi and Alleyne because the brandishing-of-a-firearm element was not charged in the indictment and submitted to the jury.  A threshold issue is whether, by pleading guilty and admitting to brandishing a firearm, Butler waived any defects in the indictment or any argument about submission of the "brandishing" fact to the jury.  See United States v. Sanchez, 269 F.3d 1250, 1271 & n.40 (11th Cir. 2001) (en banc); United States v. Walker, 228 F.3d 1276, 1278 n.1 (11th Cir. 2000).   We need not resolve or rely on this waiver issue, however, because (1) any error in the indictment was harmless, and (2) the district court did not err in sentencing Butler to the enhanced mandatory minimum penalty, in light of his admission to brandishing the firearm.

As to the omission in the indictment, we note that, at his plea colloquy, Butler (1) was advised of the elements of a § 924(c)(1)(A)(ii) offense, including the brandishing element, (2) was advised of the seven-year mandatory minimum that applied under that statutory provision, (3) admitted that he possessed a

9

handgun and brandished it during the robbery, and (4) stated that he understood everything that was said at the plea colloquy.  In light of these facts, there is nothing to suggest that Butler was deprived of notice of the charges against him or confused about the potential penalties of his offenses.  And, as he pled guilty only after being advised as to the seven-year mandatory minimum penalty, there is no basis to find that Butler would have changed his plea if the indictment had charged him with brandishing a firearm, in violation of § 924(c)(1)(A)(ii).[2]  We therefore conclude that any error in the indictment was harmless.  See Fed. R. Crim. P. 52(a) (stating that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded").

And, we conclude that no Apprendi and Alleyne error occurred based on the issue of brandishing not being submitted to the jury because Apprendi and its progeny require only that such a fact that increases a statutory mandatory minimum be found by the jury or "admitted by the defendant."  Booker, 543 U.S. at 228, 125 S. Ct. at 746-47.

We recognize that Butler claims that he did not understand what brandishing means and should not be held to his admission that he brandished a firearm. "[B]randishing" under § 924 includes "mak[ing] the presence of the firearm known

---

[2]Indeed, Butler does not seek to withdraw his guilty plea, but rather argues that his sentence on Count 3 must be vacated because he was subject to a mandatory minimum sentence of only five years' imprisonment, not an enhanced sentence of seven years for brandishing a firearm.

to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). Here, Butler admitted facts that showed that he brandished a firearm, as he acknowledged that he made statements to the bank employees along the lines of "don't make me shoot you." This alone made the presence of the firearm known to the bank employees. Butler also admitted that he and his codefendant "entered the bank brandishing handguns."[3] Importantly too, Butler is educated, with two years of college education. When the district court asked Butler if he understood everything discussed, he stated that he did. Given the particular circumstances of this record, we reject Butler's argument that the district court clearly erred in finding that he understood what it meant to brandish a firearm.[4]

## III. CONCLUSION

For all the foregoing reasons, we affirm Butler's sentences.

**AFFIRMED.**

---

[3]On appeal, Butler argues that he was not the "second robber" who ordered an employee to take him to the vault while displaying his firearm, but he does not dispute that he and his codefendant both stated, "don't make me shoot you" and made similar statements.

[4]See United States v. DePace, 120 F.3d 233, 236-37 (11th Cir. 1997) (reviewing the district court's implicit factual finding that the defendant understood the nature of the charges against him for clear error). The district court made the fact finding explicitly at the plea colloquy and implicitly at sentencing.

11