**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael RIVERS, Defendant–
Appellant.**

No. 14–15338

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 07/25/2016

Roberta Josephina Bodnar, Nicole M. Andrejko, Daniel C. Irick, Christopher W. LaForgia, U.S. Attorney's Office, Orlando, FL, Germaine Seider, Michelle Thresher Taylor, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Adeel Bashir, Federal Public Defender's Office, TAMPA, FL, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Defendant–Appellant.

\* Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

Before ED CARNES, Chief Judge, DUBINA, Circuit Judge, and HUCK,\* District Judge.

PER CURIAM:

Nearly four months after Michael Rivers pleaded guilty to wire fraud, money laundering, and identity theft charges, he moved to withdraw his guilty plea, contending that his former attorney had coerced him into pleading guilty. The district court denied that motion. This is Rivers' appeal.

## I.

In 2009 Michael Rivers founded Global Business Genesis, LLC, a company that purportedly provided wireless banking software to major banks in developing countries. He and his wife made a number of fraudulent statements about GBG to investors, who gave them over $1.2 million, which they spent on luxury cars and other personal items. When the two of them were indicted on federal charges related to that fraud in April 2013, the district court appointed attorney Andrew Chmelir to represent Rivers.

In February 2014 the government filed a 21-count second superseding indictment charging Rivers and his wife with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; eight counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); eight counts of money laundering, in violation of 18 U.S.C. § 1957(a); and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (2).

In March 2014, four days before the scheduled trial date, Rivers appeared before a magistrate judge and pleaded guilty without a plea agreement to all of the charges in the indictment. At the change of plea hearing, the magistrate judge conducted a thorough Rule 11 plea colloquy, during which Rivers testified under oath that he understood the nature of the charges against him, including the maximum penalties associated with each charge. Rivers also admitted that the facts alleged in the second superseding indictment, except for the amount of loss, were "true and accurate."

At that hearing, Rivers also agreed under oath that he had not been coerced or pressured into pleading guilty:

THE COURT: Are you pleading guilty because you are guilty?

THE DEFENDANT: Yes.

THE COURT: Did anyone use duress or intimidation or threats to cause you to change your plea from not guilty to guilty?

THE DEFENDANT: No.

THE COURT: Has anyone promised you anything to cause you to change your plea from not guilty to guilty?

THE DEFENDANT: No.

THE COURT: Are you entering your plea of guilty freely and voluntarily?

THE DEFENDANT: Yes.

THE COURT: Do you believe that it is in your best interest?

THE DEFENDANT: Yes.

Doc. 212 at 23. Rivers also testified that he was satisfied with the representation provided by his court-appointed attorney, Andrew Chmelir:

THE COURT: Sir, have you fully discussed this case with your lawyer before deciding to enter a plea of guilty?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with your attorney's legal representation to this point in the case?

THE DEFENDANT: Yes.

THE COURT: Do you have any concerns or complaints about your attorney?

THE DEFENDANT: No.

Id. at 24–25. After the change of plea hearing, the magistrate judge filed a report recommending that the district court accept Rivers' guilty plea, and Rivers filed a notice waiving his objections to that recommendation. The next day, the district court accepted the magistrate judge's recommendation and adjudged Rivers guilty.

On May 15, 2014, the probation office issued a presentence investigation report that calculated Rivers' sentencing range as 168–210 months. Two weeks later, attorney Chmelir moved to withdraw as counsel, citing undisclosed conflicts with Rivers. After an ex parte hearing, that motion was granted and new counsel was appointed for Rivers. A few weeks later, Rivers replaced his newly-appointed counsel with retained attorney Victor Martinez.

On July 18, 2014, Rivers, through Martinez, filed a motion to withdraw his guilty plea. Rivers alleged that Chmelir had coerced him into pleading guilty by failing to investigate or prepare for trial, by pressuring him to plead guilty in order to help his wife, by misadvising him about the sentencing guidelines, and by telling him that he faced no more than five years in prison. Rivers emphasized, however, that his request to withdraw his guilty plea was "not based upon the PSR report or the guideline calculations contained within [it]." Rivers did not ask for an evidentiary hearing on his motion.

Without holding a hearing, the district court denied Rivers' motion to withdraw his guilty plea, concluding that Rivers' allegations were contradicted by the record, including his own sworn testimony at the change of plea hearing. After the court sentenced Rivers to 204 months in prison, he appealed.

## II.

After the district court accepts a defendant's guilty plea but before it imposes a sentence, the defendant may withdraw his plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). But "there is no absolute right to withdraw a guilty plea." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). "The decision to allow withdrawal is left to the sound discretion of the trial court." Id. We review the district court's denial of a motion to withdraw for abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). We will not reverse the district court unless its decision "is arbitrary or unreasonable." Id. (quotation marks omitted).

To determine whether a defendant has provided a "fair and just" reason to withdraw his guilty plea, the district court "may consider the totality of the circumstances surrounding the plea," including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. (quotation marks omitted). "The good faith, credibility, and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." Id. (quotation marks and alterations omitted).

Rivers contends that the district court abused its discretion by denying his motion to withdraw his guilty plea because he provided two "fair and just" reasons for withdrawal: first, that his plea was not knowing and voluntary, and second, that he lacked the close assistance of counsel. He also argues that the district court should have held an evidentiary hearing on his motion before denying it. We disagree.

### A.

■ We turn first to whether the district court was required to hold an evidentiary hearing before ruling on Rivers' motion to withdraw his guilty plea. In his opening brief, Rivers argues that "because the record does not conclusively respond to all of [his] allegations, the district court should have conducted an evidentiary hearing assessing the veracity of [his] claims." Appellant's Br. at 19–20. But Rivers did not request an evidentiary hearing, and he did not object to the denial of his motion without one being held. Because he raises the issue of an evidentiary hearing for the first time on appeal, we review the district court's decision not to hold one only for plain error. See United States v. Dudley, 463 F.3d 1221, 1227 (11th Cir. 2006). "Under plain error review, there must be (1) an error, (2) that is plain, and (3) affects substantial rights." Id. "When these three factors are met, we may exercise discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id.

Rivers has not cited a single decision, from this Court or elsewhere, holding that a district court errs by failing to hold an evidentiary hearing on a defendant's motion to withdraw his guilty plea where the defendant himself has not requested one. Not only that, but binding precedent suggests that, even where a defendant does

request an evidentiary hearing on his motion to withdraw, a district court does not abuse its discretion in denying that request if it "conducted extensive Rule 11 inquiries prior to accepting the guilty plea." Brehm, 442 F.3d at 1298. Under these circumstances, the district court's failure to hold an evidentiary hearing before denying Rivers' motion to withdraw was not error, much less plain error. See United States v. Lejarde–Radà, 319 F.3d 1288, 1291 (11th Cir. 2003) ("[T]here càn be no plain error where there is no precedent from the Supreme Court or this Court directly resolving [the issue].").

### B.

Rivers also contends that the district court abused its discretion by denying his motion to withdraw his guilty plea because "certain deficiencies" in the plea colloquy rendered his plea unknowing and involuntary.[1] See Brehm, 442 F.3d at 1298. Before accepting a defendant's guilty plea, the district court must ensure that the plea is "knowing and voluntary." United States v. Symington, 781 F.3d 1308, 1314 (11th Cir. 2015). The court's inquiry "varies from case to case depending on the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." United States v. DePace, 120 F.3d 233, 237 (11th Cir. 1997) (quotation marks omitted). In every case, however, the court "must address three core concerns underlying Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." Symington, 781 F.3d at 1314.

Rivers asserts that the magistrate judge did not fully inform him of the nature of the charges against him. We disagree. At the change of plea hearing, the magistrate judge reviewed each element of each crime charged in the second superseding indictment, as well as the maximum penalties associated with each crime. Rivers agreed under oath that he understood all of that. He also agreed under oath that the factual allegations in the second superseding indictment, except for the amount of loss, were "true and accurate." That was enough to allow the district court to conclude that Rivers, who holds a graduate degree, understood the nature of the charges against him before he pleaded guilty. See DePace, 120 F.3d at 237.

Rivers also asserts that he did not fully understand the consequences of his plea because the magistrate judge did not explain · the sentencing guidelines to him. Again, we disagree. At Rivers' change of plea ᐧhearing, the magistrate judge addressed the sentencing guidelines as follows:

THE COURT: The Federal Sentencing Guidelines apply in your case. Has your lawyer discussed the sentencing guidelines with you?

THE DEFENDANT: Yes.

THE COURT: Sir, do you have any unanswered questions about the sentencing guidelines?

THE DEFENDANT: Not at this time.

THE COURT: I want to highlight a couple of points for you. First, I want to make sure that you understand that it is the district judge who will make your sentencing guidelines range calculation. . . .

---

[1]. Because we conclude that this challenge fails on the merits, we do not address the government's argument that Rivers waived it when he waived his objections to the magistrate judge's report recommending that the district court accept his plea.

I also want to make sure you understand that the sentencing guidelines are advisory. They're not binding on the district judge. The district judge may impose a sentence that is consistent with what the guidelines recommend, but the district judge may also impose a sentence that is harsher or more lenient than what the guidelines recommend.

In sum, as we sit here this afternoon, none of us knows precisely what your sentencing guidelines range calculation will be and none of us knows what sentence you are going to receive.

Do you understand all of that, sir?

THE DEFENDANT: Yes.

Doc. 212 at 12–13. As that exchange demonstrates, the magistrate judge "elicited from [Rivers] at the plea proceeding that he knew about the Sentencing Guidelines and that he had discussed the effect of the sentencing guidelines on his sentence with his attorney." United States v. Mosley, 173 F.3d 1318, 1328 (11th Cir. 1999). "With respect to the Sentencing Guidelines, that is all we require the district judge to do." Id. The magistrate judge was not required to calculate and communicate Rivers' estimated guidelines sentencing range to him or explain to him which guidelines enhancements might have been applicable to his case. See United States v. Casallas, 59 F.3d 1173, 1180 (11th Cir. 1995).

In his motion to withdraw, Rivers admitted that he had "answered the court's questions appropriately to satisfy the Rule 11 inquiry." Doc. 217 at 5. We agree. Because the magistrate judge did all that was required to ensure that Rivers knowingly and voluntarily entered his guilty plea, Rivers was not entitled to withdraw his plea on that basis.

## C.

■ Finally, Rivers contends that the district court abused its discretion by denying his motion to withdraw because he lacked the "close assistance" of counsel. See Brehm, 442 F.3d at 1298 (quotation marks omitted). In his motion to withdraw, Rivers alleged that Chmelir had provided him with ineffective assistance of counsel by failing to prepare for trial, by pressuring him to plead guilty, and by giving him erroneous sentencing advice. According to Rivers, "[h]ad Chmelir properly investigated [his] case and prepared a defense strategy, [he] would not have entered a guilty plea, but would have insisted that his case be taken to trial." Doc. 217 at 10.

The district court rejected that argument for two independent reasons. First, the court found that Rivers' belated allegations about Chmelir were contradicted by the record, including Rivers' sworn testimony at the change of plea hearing, which indicated that Chmelir had provided adequate representation. The court also concluded that, even if Chmelir had been ineffective, Rivers was not entitled to withdraw his guilty plea on that basis because he had failed to adequately allege that he was prejudiced by Chmelir's conduct. Because we agree with the court's second conclusion, we do not address the first.

To withdraw a guilty plea based on the ineffective assistance of counsel, a defendant must allege and then show not only that his attorney's conduct "fell below an objective standard of reasonableness," but also that he was prejudiced by that conduct — in other words, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57–59, 106 S.Ct. 366, 369–71, 88 L.Ed.2d 203 (1985) (quotation marks omitted). A con-

clusory allegation of prejudice is not sufficient. See id. at 59–60, 106 S.Ct. at 370–71. Instead, the defendant must allege specific facts suggesting that he would not have decided to plead guilty but for his attorney's alleged errors or omissions. For example, "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence," the defendant is required to allege specific facts showing that "the [undiscovered] evidence likely would have changed the outcome of a trial." Id. at 59, 106 S.Ct. at 370.

In his motion to withdraw, Rivers did not allege that he decided to plead guilty based on Chmelir's erroneous sentencing advice or the pressure he felt to help his wife. He alleged only that, "[h]ad Chmelir properly investigated [his] case and prepared a defense strategy, [he] would not have entered a guilty plea, but would have insisted that his case be taken to trial." Doc. 217 at 10. Specifically, Rivers alleged that he had "advised Chmelir of potential evidence that needed to be obtained and reviewed as well as the names and contact information for potential defense witnesses," and that "Chmelir never followed-up on these matters." Id. at 3. But Rivers did not identify the witnesses or the evidence that Chmelir allegedly failed to investigate, nor did he explain how any of that would have changed the outcome of his case. Nor did Rivers request an evidentiary hearing on his allegations. Without any specific factual allegations or evidence, the court had no way to determine whether Rivers had suffered prejudice from Chmelir's alleged ineffectiveness. See Hill, 474 U.S. at 59–60, 106 S.Ct. at 370–71. Under those circumstances, we cannot conclude that the court's denial of Rivers' motion to withdraw his guilty plea was "arbitrary or unreasonable." Brehm, 442 F.3d at 1298 (quotation marks omitted); cf. Winthrop–Redin v. United States, 767 F.3d 1210, 1219–20 & n.5 (11th Cir. 2014)

(affirming summary denial of ineffective assistance claim where petitioner provided "no specific facts connecting his attorney's advice ... with [his] decision to plead guilty").

**AFFIRMED.**