[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15114
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00019-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JAMES LEACH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(Jun 9, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant William Leach appeals his conviction after pleading guilty to enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). On appeal, Defendant argues that his guilty plea was not knowing and voluntary because the district court failed to ensure that he understood the elements of the charged offense.   After careful review, we affirm.

## I.    BACKGROUND

According to the Presentence Investigation Report ("PSR"), beginning in September 2015 and continuing through January 2016, Defendant enticed an individual who had just turned 16 years old to engage in sexual activity. Defendant befriended the victim in 2014, when she was 14 years old, by conversing with her as she walked by his house on the way to the bus stop.  As their relationship progressed, he began buying her presents and driving her to and from school.  He used his cell phone to persuade the victim to send him sexually explicit photographs and to engage in sexual conversation.  Defendant later gave the victim sexual paraphernalia and devices.

On December 14, 2015, Defendant picked the victim up at her home, brought her to a motel, and engaged in unlawful sexual activity with her.  Shortly thereafter, Defendant used the U.S. mail to send the victim two sexual devices. This package was discovered by the victim's mother, who contacted law enforcement.  The victim subsequently placed a controlled phone call to

Defendant, monitored by law enforcement, in which Defendant told the victim that he planned to send her new underwear to replace the ones he had taken from the motel room. Defendant exchanged text messages with the victim, also monitored by law enforcement, in which he told the victim he had booked another motel room for them. Officers arrested Defendant near the victim's home after following him from the motel. A subsequent search of the motel room revealed, among other things: (1) packaging for sexual devices; (2) a Valentine's Day card containing money for the victim; (3) condoms; (4) a package addressed to the victim containing underwear; and (5) marijuana and alcohol.

A federal grand jury issued an indictment charging Defendant with one count of enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Defendant initially pled not guilty, but he later entered into a plea agreement with the Government, in which he agreed to plead guilty to the single count in the indictment.

At the change of plea hearing, the district court placed Defendant under oath. The district court told Defendant that it would go over specific information, including the elements of the offense, the maximum penalties, and some highlights from the plea agreement. The district court stated that the indictment charged Defendant with sexual enticement of a minor, in violation of 18 U.S.C. § 2422(b). The court explained that an offense under § 2422 had the following four elements:

3

First, that you knowingly persuaded, induced, enticed or coerced the victim, S.D., a minor, to engage in sexual activity.

Second, that you did so using mail or a facility of interstate commerce to do so.

Third, when you committed these acts, S.D. was less than 18 years old; and

Fourth, that by engaging in sexual activity, you could have been charged with a criminal offense under the laws of the state of Florida.

The court stated that the offense carried a mandatory minimum sentence of 10 years' imprisonment and a statutory maximum of life imprisonment. Defendant stated that he understood.

Defendant also acknowledged that he had initialed each page of the plea agreement and that his initials indicated that he understood the agreement. He had also signed the plea agreement, again acknowledging that he had read and understood the agreement.

The district court also explained the rights that Defendant would waive by entering a guilty plea. Defendant stated that he had reviewed a copy of the indictment with his attorney. He then pled guilty to the single count of the indictment. After confirming that Defendant was entering the plea freely and voluntarily, the district court asked if Defendant still wished to plead guilty. Defendant answered in the affirmative. Defendant affirmed that the Government's factual stipulation accurately reflected what the Government would prove at trial

4

and he did not have any objections to that factual stipulation.  The district court accepted Defendant's guilty plea, concluding that Defendant "intelligently, freely and voluntarily waived his rights in entering the plea and that there is a factual basis for the plea."

In preparation for sentencing, the probation officer prepared a Presentence Investigation Report.  Based on a total offense level of 31 and a criminal history category of I, the PSR calculated a guideline range of 108 to 135 months' imprisonment.  Because the offense carried a mandatory minimum sentence of 10 years' imprisonment, the guideline range became 120 to 135 months' imprisonment.

At the sentencing hearing, the district court adopted the factual statements and guidelines calculations of the PSR without any objections.  After recounting the facts of the case, the district court noted that Defendant was a "dangerous predator" and sentenced him to 288 months' imprisonment.  Defendant objected only to the substantive reasonableness of the sentence.  This appeal followed.

## II.    DISCUSSION

Defendant now argues for the first time on appeal that the district court plainly erred under Federal Rule of Criminal Procedure 11 by failing to sufficiently question him about his understanding of the nature of the charge.  Specifically, he asserts that the district court failed to interrogate him about whether he was the

5

person who had persuaded or enticed the victim and whether he had used a means of interstate commerce to do so.

When a defendant raises a challenge under Rule 11 for the first time on appeal, we review that argument for plain error. *See United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). To establish plain error, a defendant must show that: "(1) error existed, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013). "In the context of a Rule 11 error, prejudice to the defendant means 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

The district court must ensure that a defendant's guilty plea is knowing and voluntary. *See* Fed. R. Crim. P. 11. When accepting a defendant's guilty plea, the district court must ensure that three core concerns of Rule 11 are met: "1) the guilty plea is free from coercion; 2) the defendant understands the nature of the charge; and 3) the defendant understands the consequences of his plea." *United States v. James*, 210 F.3d 1342, 1344 (11th Cir. 2000).

There is no bright-line rule for determining whether a district court meets the requirements of Rule 11 by ensuring that a defendant understands the nature of the

6

charges against him. *See United States v. DePace*, 120 F.3d 233, 237 (11th Cir. 1997). Instead, this determination is made on a case-by-case basis and depends on "the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." *Id.* (quotation marks omitted).

Here, the district court did not err, plainly or otherwise, by accepting Defendant's guilty plea because the record confirms that the district court satisfied Rule 11 by adequately explaining the elements of the offense. *See James*, 210 F.3d at 1344–45 (concluding that where the charges are simple, a district court can typically satisfy the requirement that a defendant understands the charges against him by reading the indictment and providing the defendant with a chance to ask follow-up questions). During the guilty plea colloquy, the district court recited the four elements that must be met in order to establish a violation of § 2422(b).[1] Defendant confirmed that he had received a copy of the indictment and had an opportunity to discuss it with his lawyer. Defendant also acknowledged that he had read and signed the plea agreement, which likewise contained the elements of the offense. He stated that he understood the agreement and did not need more time to review it. Moreover, the district court established that Defendant had

---

[1] Section 2422(b) of Title 18 of the United States Code makes it unlawful for whoever "using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b).

obtained a GED, which supports an inference that he could understand the nature of the charges against him. *See DePace*, 120 F.3d at 237.

As to Defendant's specific argument that the district court did not adequately explain the element of interstate commerce, it is true that this term may well be less familiar to a layman than are other elements of the offense. *See United States v. Brown*, 526 F.3d 691, 705 (11th Cir. 2008), *vacated on other grounds*, 556 U.S. 1150 (2009) (except for the element of "means of interstate commerce," the elements of § 2422(b) are not complex because they have the same meaning in legal usage as they do in the course of routine usage). Nevertheless, the colloquy, together with the indictment and the factual basis of the plea agreement agreed to by Defendant, made clear what the term interstate commerce meant in the context of Defendant's acts. That is, the district court explained that Defendant "knowingly persuaded, induced, enticed, or coerced a victim . . . using mail or a facility of interstate commerce to do so." The indictment states that Defendant used both the mail and a facility of interstate commerce to entice the victim. And the factual basis contained in the plea agreement, which Defendant agreed to, stated that Defendant "used the United States mail, his Apple iPhone 6S, and the Internet" to entice the victim.

In further support of his argument that he did not understand the elements of the offense when he entered his plea of guilty, Defendant points to the fact that he

8

shook his head *during the sentencing hearing* when the district court referred to him as a dangerous predator.  He explains now that this head-shake was meant to indicate his disagreement that he was the person who enticed or encouraged the victim.  The pertinent time for registering disagreement with the Government's factual proffer on that point, however, was at the plea hearing.  At that plea hearing, Defendant never challenged the facts contained in the factual proffer and he admitted during the plea colloquy that the Government could prove those facts at trial.  One of those facts was that he committed the crime.  Defendant likewise did not object to the factual statements in the PSR.

In addition, Defendant never moved to withdraw his guilty plea on the basis that he did not understand the elements of the offense.  *Cf. Gandy*, 710 F.3d at 1241 (concluding that a defendant who declined to withdraw his guilty plea could not establish a reasonable probability that, but for the error, he would not have entered a plea of guilty).  Finally, although we find no error—plain or otherwise— by the district court in accepting Defendant's plea of guilty, even were there such error, Defendant has not shown a reasonably probability that, but for the error, he would not have pled guilty.  *See Dominguez Benitez*, 542 U.S. at 83.

Accordingly, Defendant's sentence is **AFFIRMED.**